■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY C. MOHNEY, Appellant.— Judgment insofar as it resentences defendant unanimously reversed, resentence vacated, and matter remitted to Chautauqua County Court for further proceedings on resentence in accordance with the Memorandum. Memorandum: After the Clerk asked the question mandated by section 480 of the Code of Criminal Procedure, appellant's attorney said: "You will have to answer no.", whereupon appellant gave that answer. In the light of the attorney's statement this was an improper restraint upon a free response to the allocution and the court should have informed appellant that there was no limitation on the manner in which he could answer. (Appeal from judgment of resentence of Chautauqua County Court convicting defendant of sodomy.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.

■ MARIANGELA CAIRA, Appellant, v. MICHAEL D. MCKENNA et al., Respondents.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The verdict is contrary to the weight of evidence. (Appeal from judgment of Niagara Trial Term in favor of defendant dismissing the complaint on the merits; also appeal from order entered in Clerk's minutes denying motion to set aside the verdict of the jury.) Present — Bastow, J. P., Goldman, Henry and Del Vecchio, JJ.

■ In the Matter of WILLIAM HOLLIS, as Ancillary Representative of CLARENCE A. KELSEY, Deceased, Respondent. R. JAN FITZPATRICK, Appellant.— Decree unanimously reversed, with costs, and matter remitted to Steuben County Surrogate's Court for further proceedings in accordance with the memorandum. Memorandum: This proceeding was instituted seeking an inquiry into and delivery to petitioner of $17,000 and a promissory note. It was alleged that this was property of testator and that, following the death of the latter, it had been given by a third party to appellant, father of two named infants. The proof upon the hearing disclosed that in his lifetime testator made, or attempted to make, by oral directions to the third person, a gift of these assets to the infant sons of appellant. It further appears that after testator's death pursuant to such oral directions the property was delivered to the infants in the presence of appellant, their father. The cash was ultimately deposited in bank accounts in the joint names of the respective infants and one or the other of their parents. The decree herein directs delivery of the property to the representative of the estate by appellant "or such other person or persons in whose possession" the same might be. The court never had jurisdiction of the infants (Surrogate's Ct. Act § 41, subd. 2) and no special guardians were appointed for them (Surrogate's Ct. Act § 64). It follows that as to them the decree was a nullity. The matter should be tried *de novo* following the presentation of an amended petition, issuance of a supplemental citation, appointment of a special guardian or guardians, and the taking of such other action as will fully protect the rights and interests of the infants. (Appeal from a decree of Steuben Surrogate's Court which decreed that the estate of Clarence A. Kelsey was the owner of certain assets and directed that same be delivered to petitioner.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.